# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES RUSS, RONALD SANDACK, HOWARD C. MURDOCH and PATRICK BRUNO as Trustees for and on behalf of the CHICAGO AREA I. B. OF T. PENSION TRUST FUND, | Case No. 11-cv-3768 |
| Plaintiff, | |
| v. | Judge Matthew F. Kennelly |
| AUSTER ACQUISITIONS, LLC, d/b/a the AUSTER COMPANY, an Illinois Corporation, any other trade or business in a controlled group with AUSTER ACQUISITIONS, LLC, d/b/a the AUSTER COMPANY, PHOENIX PRODUCE COMPANY, an Illinois Corporation, and JOHN CYSCON, individually, | Magistrate Judge Susan E. Cox |
| Defendants. | |

### PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT AUSTER ACQUISITIONS, LLC

Plaintiff, the Chicago Area I.B. of T. Pension Trust Fund ("Fund"), through its Trustees, James Russ, Ronald Sandack, Howard C. Murdoch, and Patrick Bruno, and through its attorneys, Dowd, Bloch & Bennett, moves this Court, pursuant to the Federal Rule of Civil Procedure 58(d), for entry of a final judgment order against Defendant Auster Acquisitions, LLC, d/b/a the Auster Company, ("Auster" or "Company") dated, *nunc pro tunc*, November 3, 2011. In support of this motion, Plaintiff states as follows:

1. On October 26, 2011, the Fund filed a motion for default judgment against Auster in the amount of $1,449,337.27 and electronically submitted a proposed final judgment order against Auster for the Court's consideration.

2. The Fund moved the Court to enter a judgment against Auster that, under Federal Rule of Civil Procedure 54(b), would be enforceable against the Company before the litigation against the remaining two defendants concluded. The proposed final judgment order therefore included language stating that there existed no just reason to delay entry or enforcement of a final judgment as to Auster.

3. The proposed final judgment order further stated that the Court would retain jurisdiction of the cause for the purpose of enforcing the final judgment order and for continuing litigation as to the remaining defendants.

4. At the November 3, 2011 hearing on the Fund's motion for default judgment, the Court stated that a default judgment was entered against Auster in the amount of $1,449,337.27, but denied the Fund's request that the judgment be enforceable against the Company before the litigation against the remaining two defendants concluded under Federal Rule of Civil Procedure 54(b).

5. Also on November 3, 2011, the Court entered a minute entry stating that it granted the Fund's motion and that default judgment was entered against Auster in the amount of $1,449,337.27. Notification of Dkt. Entry [Doc. No. 22].

6. The Fund filed a notice dismissing the two additional defendants on November 28, 2011 and the Court then dismissed the case on November 29, 2011. Notification of Dkt. Entry [Doc. No. 26].

7. The Court never entered a separate, signed order resembling the proposed final judgment order submitted by the Fund in conjunction with its motion for default against Auster.

8. On January 10, 2012, the Fund resubmitted the proposed final judgment order for the Court's consideration.

9. On January 19, 2012, the Court responded that it cannot enter the proposed order because it inaccurately states that litigation is pending between the Fund and the two defendants in addition to Auster. The Court's response further stated that the Fund must file a motion if it desires an order beyond those currently present on the docket.

10. Attached as Exhibit A is a revised, proposed order similar to the proposed final judgment order that the Fund submitted to the Court on October 26, 2011 and January 12, 2012. This revised, proposed order does not include language stating that the Court retains jurisdiction of pending litigation or language for a judgment enforceable prior to the conclusion of litigation under Federal Rule of Civil Procedure 54(b). If the Court grants this motion, the Fund will submit to the Court an electronic copy of the proposed order attached as Exhibit A.

WHEREFORE, Plaintiff, James Russ, Ronald Sandack, Howard C. Murdoch, and Patrick Bruno, as Trustees of the Chicago Area I.B. of T. Pension Trust Fund, request that the Court enter a final judgment order against Defendant Auster Acquisitions, LLC, d/b/a the Auster Company, in the form of the proposed order attached as Exhibit A, or a similar signed order, dated, *nunc pro tunc*, November 3, 2011.

    Respectfully submitted,

    /s/ Jeremy M. Barr
    Jeremy M. Barr
    Attorney for the Plaintiff

J. Peter Dowd (ARDC# 0667552)
Michele M. Reynolds (ARDC# 6237957)
Jeremy M. Barr (ARDC# 6299047)
Josiah A. Groff (ARDC# 6289628)
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361